UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00018 |
| | ) | JUDGE CAMPBELL |
| HERMAN SMITH | ) | |

ORDER

Pending before the Court is a letter from the Defendant, dated April 1, 2013 (Docket No. 55), requesting that the Court reduce his sentence so that he may attend college. The Government has filed a Response (Docket No. 58) in which it argues that there is not a legal basis upon which to grant the Defendant's request.

The Defendant pled guilty to being a felon in possession of a firearm on September 30, 2009 pursuant to a Rule 11(c)(1)(B) Plea Agreement in which the parties agreed to recommend a sentence of 96 months of imprisonment. (Docket Nos. 46, 47, 48). The Court subsequently sentenced the Defendant, on December 21, 2009, to a sentence of 96 months. (Docket Nos. 52, 53, 54).

A district court has the authority to alter a sentence only in certain narrow circumstances: (1) to apply a Sentencing Guideline made retroactive; (2) to correct a sentence upon remand from a higher court; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a "clear error" within seven days after imposition of sentence, Fed.R.Crim.P. 35(a); and (5) to correct a clerical error at any time, Fed.R.Crim.P. 36. United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004); United States v. Malcolm, 114 F.3d 1190 [Table], 1997 WL 311416 (6th Cir. June 11, 1997). This case does not fall within any of these categories.

Although the Defendant's efforts at rehabilitation are laudable, he has not cited a legal basis for the Court to reduce his sentence. Accordingly, the request is DENIED.

It is so ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Todd Campbell
　　　　　　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE